UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>JOSIAH LARKIN, MONICA COBBINS, KRISHELL ROBINSON, THOMALYN VIRDEN, URSULA CHOICE,<br><br>         Defendants. | Case No. 15-cr-00010-SI-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 112, 114, 115, 118 |

Defendant Krishell Robinson, joined by her co-defendants, has moved to compel disclosure of the tax returns of individuals named in the indictment. Docket Nos. 112, 114, 115, 118. This motion came on for hearing on February 26, 2016. Having carefully considered the parties' arguments, the Court GRANTS the motion to compel with respect to the tax returns of individuals named in the indictment, for tax years 2009-2011 and 2013. At this time, the Court DENIES the motion with respect to the 2014 tax returns and with respect to any individuals not named in the indictment.

**BACKGROUND**

On January 6, 2015, a grand jury indicted defendants Josiah Larkin, Monica Cobbins, Krishell Robinson, Thomalyn Virden, and Ursula Choice. Docket No. 1. Defendants were indicted on charges of conspiracy to file false claims (18 U.S.C. § 286), filing false claims (18 U.S.C. § 287), and aiding, abetting and causing the subscribing of false tax returns (18 U.S.C. § 2). *Id.* Defendant Larkin was charged with thirty-one counts under 18 U.S.C. §§ 287 and 2, defendant Cobbins with one count, defendant Robinson with seventeen counts, and

defendant Virden with three counts.[1] *Id*. ¶¶ 11-18. All defendants were charged with one count of conspiracy under 18 U.S.C. § 286. *Id*. ¶¶ 7-10.

According to the indictment, defendant Larkin owned and operated a tax preparation business in San Francisco. *Id*. ¶ 1. His four co-defendants worked for him as tax preparers during the 2012 tax season. *Id*. ¶¶ 2-5. The government alleges that defendants filed false federal income tax returns, claiming an education-related tax credit. *Id*. ¶ 1. The American Opportunity Tax Credit (AOTC) "is available for post-secondary education expenses" and "can result in a refund if the credit exceeds the amount of taxes owed." *Id*. Defendants are accused of engaging in a scheme to defraud the IRS by filing or assisting in the filing of tax returns "falsely claiming that education expenses ranging from $3,816 to $4,000 had been paid and the taxpayers were therefore eligible for the AOTC and a corresponding tax refund." *Id*. ¶ 9. Defendant Larkin is then accused of "direct[ing] that the tax refunds be paid in a manner that allowed him to exercise dominion and control over the refunds enabling him to collect his fee, which was approximately half of the refund." *Id*. ¶ 10.

The parties now come before the Court on a motion to compel, filed by defendant Robinson on January 29, 2016. Docket No. 112. Robinson seeks the 2009-2011, 2013, and 2014 tax returns for the seventeen individuals whose false tax returns the indictment charges her with preparing. *Id*. at 1. Defendants Cobbins, Larkin, and Virden[2] join the motion, for those individuals named as to each of them. Docket Nos. 114, 115, 118. At the hearing, defendants clarified that collectively they seek the 2009-2011, 2013, and 2014 tax returns for each of the thirty-one individuals listed in Counts 2-32 of the indictment. Defendants also seek the tax returns of any other persons for whom they are alleged to have prepared false returns and whom the

---

[1] On August 11, 2015, defendant Choice pled guilty to conspiracy to file false claims based on a plea agreement with the government. Docket No. 81.

[2] Defendant Virden filed her motion for joinder after the government filed its opposition. *See* Docket Nos. 117, 118. Nevertheless, the government was aware when it filed that defendant Virden would be joining the motion and stated that it was including the tax returns pertaining to Virden in its opposition brief. *See* Opposition at 1 n.1.

government intends to call as witnesses at trial. Docket Nos. 112 at 1, 114 at 1, 115 at 1, 118 at 1. The government filed its opposition on February 12, 2016. Docket No. 117. Defendant Robinson filed her reply on February 19, 2016. Docket No. 120.

Defendant Robinson seeks disclosure under Federal Rule of Criminal Procedure 16(a)(1)(E). Motion at 3. The government argues that many of the tax returns are not material under that same rule. Opposition at 3-5.

## LEGAL STANDARD

"Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to discovery, providing that '[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents . . . within the government's possession, custody, or control . . . [that are] material to preparing the defense . . . .'" *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)). "To receive discovery under this Rule, the defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* (internal quotations omitted). In reviewing a defendant's request for discovery under Rule 16, the question is whether the information will help the defendant in preparing a defense, not whether the information will ultimately prove a defense. *Id.* at 1151. "Even if the documents caused [a defendant] to completely abandon [one] defense and take an entirely different path, the documents would still have been 'material to preparing the defense' under Rule 16(a)(1)(E)(i))." *Id.*

26 U.S.C. § 6103 governs the confidentiality of tax returns. That section authorizes disclosure of tax returns "to the extent required by a court order pursuant to . . . rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title." 26 U.S.C. § 6103(h)(4)(D).

**DISCUSSION**

The government and defendants agree on several of the questions before the Court. They agree that the government will need to prove each defendant's knowledge that the claims were falsely filed in order for defendants to be convicted under 18 U.S.C. § 287. *See* Motion at 5; Opposition at 4. The government agrees that the returns in question are within the government's possession, custody, or control for purposes of Rule 16. Opposition at 3. The parties agree that in order to obtain the discovery, defendants must make a showing of materiality under Rule 16. *See id.*; Motion at 3-4.

Where they differ is in the application of the materiality standard to the facts at hand. Defendants argue that the full tax returns requested are material to their defense because the returns speak to the credibility of the witnesses that the government is likely to call and because they may demonstrate that the false claim "originated with the customer rather than [the defendants] because he or she made a similar false claim even when [the defendants were] not involved." Motion at 5, 7. The government argues that the tax returns are "designed to generally cast for impeachment material" and that any materiality is merely speculative. Opposition at 4-5 (quoting *United States v. Liquid Sugars*, 158 F.R.D. 466, 471 (E.D. Cal. 1994)).

Nevertheless, the government has offered to disclose to the Court, for in camera review, a subset of what defendants seek. They have offered to turn over the tax returns for 2009-2011, where the filer claimed an education expense and/or the AOTC. *Id*. at 5. They have also offered to create spreadsheets listing those individuals who in 2009-2011 did not file taxes and/or did not claim an education expense and/or the AOTC. *Id*. at 5-6. They offer these spreadsheets for both: (a) the individuals listed in Counts 2-32 and (b) the conspiracy charge. *Id*. The government argues that any other returns, including those for 2013 and 2014, are not material and should not be disclosed. In its papers and at the hearing, the government stated that the information it offers can be ready by March 31, 2016. *See id*. at 6.

The government is correct that disclosure of tax returns implicates serious confidentiality concerns. Although not authoritative, the District of Columbia Circuit is the only circuit court to have squarely addressed the question of how the confidentiality provisions of 26 U.S.C. § 6103

4

interact with the discovery provisions of Rule 16. *See United States v. Lloyd*, 992 F.2d 348 (D.C. Cir. 1993). There, the appeals court disapproved a district court decision that imposed a heightened Rule 16 materiality standard where tax returns were involved. *Id*. at 352.

The government argues that the Court should disregard the D.C. Circuit's decision in *Lloyd* because it is an out-of-circuit case and because the court there applied the wrong materiality standard. Opposition at 3. This argument carries less weight where the government's brief also relies on out-of-circuit case law. *See* Opposition at 3 (citing *United States v. Ross*, 511 F.2d 757, 762 (5th Cir. 1975)). Even if the *Lloyd* court applied the wrong materiality standard, the court's reasoning as to tax return disclosure is instructive:

> There may be contexts in which §6103(h)(4)(D)'s reference to the 'congressional policy favoring the confidentiality of returns' may take the form of raising Rule 16's materiality standard, but if so this is not one of them. Here the government claimed that the defendant caused false returns to be filed, and offered the testimony of taxpayers to support its view that the falsity was the responsibility of the preparer. The taxpayers' interest in the confidentiality of otherwise material prior-year returns seems trivial in the circumstances. In this context, then, we understand §6103(h)(4)(D)'s injunction to consider confidentiality to be limited to such remedies as redacting portions that are plainly immaterial and especially sensitive.

*Lloyd*, 992 F.2d at 352.

The Court agrees with this reasoning and finds that the materiality standard under Rule 16 weighs in favor of disclosure of most of what defendants seek. *See* Fed. R. Crim. P. 16(a)(1)(E)(i). The Ninth Circuit recognizes that both exculpatory and inculpatory evidence may be material to preparing a defense. *Doe*, 705 F.3d at 1151. To the extent that the individuals named in the indictment filed tax returns claiming the AOTC in 2009-2011 and 2013, this information is material to a defense that the fault lay with the claimant and not with the tax preparer. To the extent that the individuals named did not file tax returns in those years, or did not claim the AOTC or other education expenses, that information is material because it may cause defendants to "abandon [their initial] defense and take an entirely different path . . . ." *See id.*

As to the 2014 returns, the Court is less convinced that these are material to the defense. While irregularities or credits claimed in the returns from the years preceding and immediately

5

1   following the tax year in question could alter the defense's approach, any irregularity in the returns
2   filed two years later, in 2014, would not significantly bolster or harm their defense. Simply
3   because defendants are charged with filing false returns in 2012 does not entitle them to access the
4   claimants' returns in perpetuity. Thus, the Court will not at this time order the release of any tax
5   returns for the 2014 tax year.

6   The "congressional policy favoring the confidentiality of returns" may further be observed by fashioning a proper protective order and by requiring defendants to obtain permission from the Court prior to using any of the return information at trial. *See* 26 U.S.C. § 6103(h)(4)(D). The Court will not at this time order disclosure of tax returns for any individuals not listed in Counts 2-32 of the indictment. Nor will the Court order disclosure of tax information related to the conspiracy charge, though the government offered it, since defendants do not by their motions seek this information. *See* Opposition at 6

In sum, the Court finds that the tax returns for the thirty-one individuals identified in Counts 2-32 of the indictment, from tax years 2009-2011 and 2013, are material to the defense's preparation under Federal Rule of Criminal Procedure 16. The government's disclosures shall not be limited to those who sought the AOTC or education related expenses on their returns. For those individuals who did not file tax returns for the 2009-2011 and 2013 tax years, the government shall so state in a declaration presented to defense counsel. To protect the confidentiality of the returns and to safeguard against the unnecessary disclosure of sensitive material, the government shall present the Court with a proposed protective order, approved by defendants as to form. Defense counsel must obtain permission from the Court prior to disclosing any of the 2009-2011 and 2013 return information at trial.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS defendants' motion to compel discovery of the 2009-2011 and 2013 tax returns of the thirty-one individuals identified in Counts 2-32 of the indictment. The Court DENIES defendants' motion to compel disclosure of the 2014 tax returns. The Court DENIES defendants' motion to compel disclosure of tax returns for any

6

individuals not named in the indictment, without prejudice to defendants' renewing their motion if the government intends to call additional taxpayer witnesses at trial.  The government shall present the Court with a proposed protective order, which has been approved by defendants as to form, **no later than March 7, 2016 and** shall turn over the returns and the declaration to defense counsel **no later than March 31, 2016.**

**IT IS SO ORDERED**.

Dated:  February 29, 2016

SUSAN ILLSTON
United States District Judge