UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSIAH LARKIN,<br><br>        Defendant. | Case No.  15-cr-00010-SI-1<br><br>**JURY INSTRUCTIONS** |

NOTE TO COUNSEL:        This set of instructions includes Instruction No. 15, concerning the

American Opportunity Tax Credit, as initially presented to the Court.  In the event the parties

agree on an alternative formulation of the instruction, the alternative will be substituted for current

Instruction No. 15.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1 — DUTIES OF JURY TO FIND FACTS AND FOLLOW**

**LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**JURY INSTRUCTION NO. 2 — CHARGE AGAINST DEFENDANT NOT EVIDENCE –**

**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence.  Mr. Larkin has pleaded not guilty to the charges.  Mr. Larkin is presumed to be innocent unless and until the government proves that he is guilty beyond a reasonable doubt.  In addition, Mr. Larkin does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**JURY INSTRUCTION NO. 3 — DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that Mr. Larkin did not testify.

**JURY INSTRUCTION NO. 4 — REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Mr. Larkin is guilty, it is your duty to find Mr. Larkin not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Mr. Larkin is guilty, it is your duty to find Mr. Larkin guilty.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5 — WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## JURY INSTRUCTION NO. 6 — WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7 — DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 8 — CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

9

**JURY INSTRUCTION NO. 9 — ACTIVITIES NOT CHARGED**

You are here only to determine whether Mr. Larkin is guilty or not guilty of the charges in the indictment.  Mr. Larkin is not on trial for any conduct or offense not charged in the indictment.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10 — SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT**

A separate crime is charged against Mr. Larkin in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11 — STATEMENTS BY DEFENDANT**

You have heard testimony that Mr. Larkin made a statement.  It is for you to decide (1) whether Mr. Larkin made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which Mr. Larkin may have made it.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12 — TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**

You have heard testimony from Ursula Choice and Krishell Robinson, witnesses who pleaded guilty to a crime arising out of the same events for which Mr. Larkin is on trial. These guilty pleas are not evidence against Mr. Larkin, and you may consider them only in determining the believability of each of these witnesses.

You have also heard testimony from taxpayer witnesses who received immunity. These witnesses are: Stephan Feliciana, Erickea Bibbs, Rita Williams, Leshanti Smith, Francisco Littlejohn, Pamela Travis, Alice Caruthers, Jhonyelle Ahmed, Mary Green, and Fenicia Jacks. That testimony was given in exchange for a promise by the government that the testimony and other information compelled from these witnesses, including personal or business records, the fact of their production of any records, and any information directly or indirectly derived from such testimony may not be used against them in any criminal case, except a prosecution for perjury, false declaration, or otherwise failing to comply with the Court's immunity order.

For these reasons, in evaluating the testimony of Ursula Choice, Krishell Robinson, Stephan Feliciana, Erickea Bibbs, Rita Williams, Leshanti Smith, Francisco Littlejohn, Pamela Travis, Alice Caruthers, Jhonyelle Ahmed, Mary Green, and Fenicia Jacks, you should consider the extent to which or whether their testimony may have been influenced by these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 13 — OPINION EVIDENCE, EXPERT WITNESSES**

2

3      You have heard testimony from Ari Grellas, who testified to opinions and the reasons for

4   his opinions.  This opinion testimony is allowed because of the education or experience of this

5   witness.

6      Such opinion testimony should be judged like any other testimony.  You may accept it or

7   reject it, and give it as much weight as you think it deserves, considering the witness's education

8   and experience, the reasons given for the opinion, and all the other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 14 — CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15 — AMERICAN OPPORTUNITY TAX CREDIT**

The American Opportunity Credit ("AOTC") is an education credit that can be claimed by an individual on a U.S. Individual Income Tax Return [Form 1040] to reduce tax or generate a refund.  In order to claim the AOTC, a Form 8863 [Education Credits] must be completed and filed with the tax return.  Only individuals who file individual federal income tax returns and whose income does not exceed $90,000 (or $180,000 if married filing jointly) can claim the AOTC. Form 8863, line 27, reports the adjusted qualified education expenses that generate the AOTC.

The amount of the credit is based on the qualified tuition and related expenses paid by the taxpayer during the taxable year.  26 U.S.C. § 25A(i)(1)(A).  It does not matter whether the expenses were paid in cash, by check, by credit or debit card, or with borrowed funds.  2012 Instructions for Form 8863.  Qualified education expenses include tuition, fees and required course materials as well as books, supplies and equipment. 26 U.S.C. § 25A(i)(3); Treas. Reg. § 1.25A 2(d)(2).  Qualified education expenses must be required for enrollment or attendance. 26 U.S.C. § 25A(f)(1)(A).  Qualified education expenses do not include the costs of room and board, insurance, medical expenses, transportation, and similar personal, living, or family expenses. Treas. Reg. § 1.25A-2(d)(3).

In determining the amount of an education credit, qualified tuition and related expenses for any academic period must be reduced by the amount of any tax-free educational assistance allocable to such period.  Treas. Reg. § 1.25A-5(c)(1).  Tax–free educational assistance means (1) a tax-free part of any scholarship or fellowship; (2) the tax-free part of any employer-provided educational assistance, (3) Veterans or members of the armed forces educational assistance, and (4) other educational assistance that is excludable from gross income (tax free), other than as a gift, bequest, devise, or inheritance. Treas. Reg. 1.25A-5(c)(1).

United States District Court
Northern District of California

16

**JURY INSTRUCTION NO. 16 — CONSPIRACY TO DEFRAUD THE GOVERNMENT**

**WITH RESPECT TO CLAIMS (COUNT ONE)**

**18 U.S.C. § 286**

Mr. Larkin is charged in Count One of the indictment with conspiring to defraud the United States by obtaining payment of false claims, in violation of Section 286 of Title 18 of the United States Code.  In order for Mr. Larkin to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about November 2012, and ending on or about August 2013, there was an agreement between two or more persons to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim for tax refunds as charged in the indictment; and

Second, Mr. Larkin became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

An agreement to defraud is an agreement to deceive or to cheat, by means of statements or representations that would have a material effect on the agency's decision to pay a false, fictitious, or fraudulent claim.  Materiality means the statements or representations had a natural tendency to influence, or were capable of influencing, the agency's decision.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with

United States District Court
Northern District of California

the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

The statute does not require that the government honor the claim.  Hence, it is not necessary that the government lose money due to the false, fictitious or fraudulent claim.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 17 — FALSE CLAIMS (COUNTS 6, 10, 16, 18, 28)**

**18 U.S.C. § 287**

Mr. Larkin is charged in Counts 6, 10, 16, 18, and 28 of the indictment with making a false claim against the government in violation of Section 287 of Title 18 of the United States Code.  In order for Mr. Larkin to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the dates charged in the indictment, Mr. Larkin knowingly made or presented a claim to the Internal Revenue Service, a department of agency of the United States; and

Second, the claim was false, fictitious or fraudulent; and

Third, Mr. Larkin knew at the time it was presented that the claim was false, fictitious or fraudulent.

A claim is false or fictitious if untrue when made, and known to be untrue by the person making it.  A claim is fraudulent if known to be untrue, and made with the intent to deceive the government agency to whom it was submitted.

The statute does not require that the government honor the claim.  Hence, it is not necessary that the government lose money due to the false, fictitious or fraudulent claim.

### JURY INSTRUCTION NO. 18 — AIDING AND ABETTING

A defendant may be found guilty of making a false claim, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove Mr. Larkin guilty of making a false claim by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone made a false claim;

Second, Mr. Larkin aided, counseled, commanded, induced or procured that person with respect to at least one element of making a false claim;

Third, Mr. Larkin acted with the intent to facilitate making a false claim; and

Fourth, Mr. Larkin acted before the crime was completed.

It is not enough that Mr. Larkin merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that Mr. Larkin acted with the knowledge and intention of helping that person make a false claim.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

# JURY INSTRUCTION NO. 19 — CONSPIRACY – LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Mr. Larkin guilty of making false claims against the United States as charged in Counts 6, 10, 16, 18, and 28 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person committed the crime of making false claims against the United States as alleged in Counts 6, 10, 16, 18, and 28;

Second, the person was a member of the conspiracy charged in Count 1 of the indictment;

Third, the person committed the crime of making false claims against the United States in furtherance of the conspiracy;

Fourth, Mr. Larkin was a member of the same conspiracy at the time the offenses charged in Counts 6, 10, 16, 18, and 28 were committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 20 — KNOWINGLY – DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of Mr. Larkin's words, acts, or omissions, along with all the other evidence, in deciding whether Mr. Larkin acted knowingly.

**JURY INSTRUCTION NO. 21 — ON OR ABOUT – DEFINED**

The Indictment charges that the offenses were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 22 — DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 23 — CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 24 — USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**JURY INSTRUCTION NO. 25 — JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against Mr. Larkin beyond a reasonable doubt.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 26 — VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 27 — COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Mr. Larkin, until after you have reached a unanimous verdict or have been discharged.

Dated:

_____
SUSAN ILLSTON
United States District Judge