UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSIAH LARKIN,<br><br>Defendant. | Case No. 15-cr-00010-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING HABEAS**<br><br>Re: Dkt. No. 433 |

Defendant Josiah Larkin moves the Court to grant him bond pending the Court's consideration of his motion filed under 28 U.S.C. § 2255. Dkt. No. 433. This matter came on for hearing on April 6, 2018. Having considered the arguments of the parties and the papers submitted, the Court hereby DENIES defendant's motion.

**BACKGROUND**

On September 15, 2016, a jury found defendant guilty of one count of conspiracy to file false claims against the United States, in violation of 18 U.S.C. § 286, and five counts of making false, fictitious, or fraudulent claims, in violation of 18 U.S.C. § 287. Dkt. No. 261. Defendant moved for a judgment of acquittal, which the Court denied. Dkt. No. 304. On January 25, 2017, the Court sentenced defendant to thirty-seven months of imprisonment followed by three years of supervised release. Dkt. Nos. 319, 321. Defendant was to self-surrender on April 28, 2017, but on April 7 he filed a motion for bond pending appeal. Dkt. Nos. 321 at 2, 381. The parties stipulated to continue the hearing on the motion to May 5, 2017, and to continue the self-surrender date to May 8. Dkt. No. 388. The Court approved the stipulation, continuing the May dates by one additional week, making defendant's self-surrender date May 15, 2017. Dkt. No. 389.

Following a hearing, the Court denied defendant's motion for bond pending appeal. Dkt. No. 391.

Defendant filed a direct appeal to the Ninth Circuit. *United States v. Larkin*, No. 17-10036 (9th Cir. Feb. 1, 2017). Defendant then voluntarily moved to dismiss the appeal, stating that he wished to do so in order to file his 2255 motion in this Court at the earliest opportunity. The Ninth Circuit granted the motion for voluntary dismissal on November 24, 2017, and filed the mandate that same day. Dkt. Nos. 405, 406.

On January 4, 2018, defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging ineffective assistance of trial counsel. Dkt. No. 409. The government filed a response on January 17, 2018, stating that the parties had agreed to a briefing schedule wherein the government's opposition would be due on April 5, 2018, and defendant's reply would be due May 29, 2018.[1] Dkt. No. 426.

On February 15, 2018, defendant filed the instant motion for bond on habeas. Dkt. No. 433. At the parties' agreement, the government filed its opposition on March 16, 2018. Dkt. No. 437. Defendant filed a reply brief on March 22, 2018. Dkt. No. 440.

**DISCUSSION**

It remains undecided in the Ninth Circuit whether a prisoner may be released on bail during the pendency of his district court habeas action. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (per curiam). "The Bail Reform Act does not apply to federal prisoners seeking postconviction relief." *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (citations omitted). In *Land v. Deeds*, the Ninth Circuit noted that the district court may have the authority to release a state prisoner on bail pending resolution of a habeas proceeding, but only in extraordinary cases involving special circumstances or a high probability of success. *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989) (citing *Aronson v. May*, 85 S. Ct. 3, 5 (1964)

---

[1] In his motion for bond, Larkin's counsel incorrectly stated that his reply should be due around April 30. *See* Mot. at 12. However, in the reply brief on this motion, he changed that deadline to the correct date of May 29. *See* Dkt. No. 440, Reply at 5.

2

(requiring both exceptional circumstances and high probability of success)). District court decisions issued in the wake of *Land* have concluded that the district court has authority to grant bail pending a habeas decision, but that the defendant must show both special circumstances *and* a high probability of success. *See, e.g., Hall v. San Francisco Super. Ct.*, No. 09-5299 PJH, 2010 WL 890044, at *2-3 (N.D. Cal. Mar. 8, 2010).

Here, the government argues that these requirements should be read in the conjunctive. Dkt. No. 437, Opp'n at 2. Defendant argues that the requirements should be read in the disjunctive but states that this question is irrelevant because he has met both requirements. Dkt. No. 433, Mot. at 10. The Court agrees that it need not reach these unresolved questions today. Even assuming the Court has the authority to grant the relief that defendant seeks, the Court does not find "that this is an 'extraordinary case[] involving special circumstances or a high probability of success.'" *See In re Roe*, 257 F.3d at 1080 (quoting *Land*, 878 F.2d at 318).

Defendant largely argues that this case involves "special circumstances" because of the length of time remaining on his sentence. He states that he has been accepted into the Residential Drug Abuse Program ("RDAP"), that he will be released from prison into a half-way house on September 3, 2018, and that he will move to home confinement around December 2018. Mot. at 8, 11; Reply at 5. He argues that "[i]f his 2255 Motion is not resolved before then, and the habeas petition was to eventually be granted, he would already have served his sentence." Mot. at 11. He further states that his "extensive" 2255 motion "will take the Court considerable time to resolve." *Id.*

The Court is not persuaded that the circumstances here are "special." This is not a case in which "the sentence [i]s so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence." *See Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (citing *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968) (involving 120-day sentence)). Nor is this a case in which the defendant would have already served the maximum sentence possible if habeas relief were granted. *See United States v. Josiah*, No. 07-00133 HG-01, 2016 WL 1328101, at *5 (D. Hawai'i Apr. 5, 2016). Here, even if the Court were to grant habeas relief in September, defendant would still have at least six months left

3

in the custody of the Federal Bureau of Prisons.[2] Moreover, the delay in this case is partly of defendant's own making. Defendant filed his 2255 motion on January 4, 2018. Dkt. No. 409. He then agreed to a lengthy briefing schedule, including a nearly eight-week period for the filing of his reply, such that briefing will not be complete until May 29, 2018. *See* Dkt. No. 426. If defendant will have served some or all of his custodial sentence by the time the Court rules on the 2255 motion, it will be in part due to this leisurely briefing schedule.[3] Finally, the Court is not persuaded by defendant's argument that he poses no flight risk, as the Ninth Circuit has found this factor unpersuasive in the absence of other special circumstances. *See In re Roe*, 257 F.3d at 1081 (stating that an offer of lodging "may be relevant to flight risk, but it hardly constitutes a special circumstance demonstrating this to be an extraordinary case"). The Court is mindful that defendant Larkin "has been tried, convicted, and sentenced by a court of law. . . . It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt."). *See Aronson v. May*, 85 S. Ct. 3, 5 (1964) (citation omitted). Such special reasons are lacking here.

For the purposes of the present motion for release on bail, defendant has also failed to demonstrate a high probability of success on his 2255 motion. The Court reserves ruling on the underlying merits of that motion, which has not been fully briefed. However, the authorities on which defendant relies in his motion for bond are readily distinguishable from the ineffective assistance of counsel claim that defendant presents here. For instance, the district court in *Josiah* granted the motion for bail where the defendant sought to vacate his sentence following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Josiah's sentence

---

[2] It should be noted that defendant has submitted no documentation supporting his assertion that he anticipates being released to a half-way house in September 2018. The government disputes this date, noting that the Federal Bureau of Prisons website lists defendant's anticipated release date as March 3, 2019. *See* Opp'n at 4. By contrast, the defendant in *Josiah* submitted an e-mail from a senior attorney for the Federal Bureau of Prisons stating, "If inmate Josiah's sentence is reduced to ten years, the reduction would result in an already-passed release date of November 12, 2015." *Josiah*, 2016 WL 1328101, at *5.

[3] At the hearing, the Court indicated that if defendant files his reply brief before May 29, the Court will rule on the motion as promptly as possible.

4

had been enhanced under the Armed Career Criminal Act, and the *Johnson* Court later invalidated the residual clause of that Act. In *Marino v. Vasquez*, on which defendant also relies, the Ninth Circuit found the granting of a bail motion following an award of conditional habeas relief was not clearly erroneous. *Marino v. Vasquez*, 812 F.2d 499, 509 (9th Cir. 1987). The court there did not analyze the probability of success because the defendant had already succeeded on the merits of his habeas petition when the district court granted bail.

As noted by the Ninth Circuit "long ago," and reiterated in *In re Roe*, it is not the practice of the federal courts "to open the door to the release of . . . prisoners on the basis of mere allegations in their petitions." *In re Roe*, 257 F.3d at 1080 (quoting *Benson v. California*, 328 F.2d 159, 163 n.2 (9th Cir. 1964)). The Court will review defendant's 2255 motion on its merits when that motion is ripe.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion for release on bond pending resolution of his Section 2255 motion.

**IT IS SO ORDERED**.

Dated: April 6, 2018

SUSAN ILLSTON
United States District Judge

5